# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DARNELL LAMAR HARRIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV418-040 |
| JOHN P. MORRIS, *et al.*, | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff has filed motions for entry of default and default judgment against "defendants," contending that they have not timely answered the Complaint. Docs. 20 & 21. That contention is patently belied by the record, which reflects that defendant John Morris timely filed his Answer in November 2018 (doc. 13).[1] These motions are therefore **DENIED as moot**.

Harris further requests that counsel be appointed to aid in his representation, because he is an incarcerated "layman" uneducated in the law. Doc. 22 at 1. In this civil case, however, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d

---

[1] The "CNT Task Force Agents" named in the Complaint are currently permitted as Doe defendants only until their names can be determined through discovery. *See* doc. 6 at 4 n. 3. Thus, they have not yet been served and cannot be in default.

1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *See, e.g.*, *Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (citing *Smith v. Warden*, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 702 (11th Cir. 2013); *McDaniels,* 405 F. App'x at 457; *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174). This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel (doc. 22) is **DENIED**.

**SO ORDERED,** this  2nd   day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA