# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DARNELL LAMAR HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-040 |
| | ) | |
| JOHN P. MORRIS, CNT AGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

John Morris seeks to compel responses to his outstanding discovery requests, contending that plaintiff's single-page letter refusing to sign a HIPAA authorization is manifestly deficient. Doc. 18.[1] In lieu of

---

[1] Harris represents that the "Uniform Commercial Codes" somehow absolve his "Estate of Darnell Harris" of the responsibility to litigate his case. Doc. 18-3. Such language bears the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves. *See, e.g., United States v. Perkins*, 2013 WL 3820716, at *1-2 (N.D. Ga. 2013).

Such sovereign-citizen claptrap is, of course, utterly frivolous and will be resoundingly rejected by this Court every time it is raised. *See United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars"); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015). If Harris chooses to continue peppering his pleadings or responses with further

opposing defendant's motion, plaintiff submitted responses to the interrogatories. Doc. 19. Those responses did not include a HIPAA authorization or responsive documents, despite representing that he "will" sign an authorization and attesting to a "head injury, abrasions to the right temporal area and back pain" and claiming ongoing "massive headaches, back pains throughout [his] back, a lot of pain & suffering, [and] emotional distress." *Id*. at 1-2. Defendant's motion is, obviously, **GRANTED in part**.[2]

In this excessive force case, plaintiff has put his medical condition at issue but has thus far refused to litigate his case or demonstrate that he was, indeed, injured. Plaintiff is **ORDERED** to respond to defendant's requests for production of documents and return a *signed* HIPAA authorization to permit defendant to request his medical records **within 14 days of service of this Order** to comply with his discovery obligations. If Harris does not, defendant is **DIRECTED** to so apprise the Court and a recommendation of dismissal will be entered on

---

references to the Uniform Commercial Code or his "Estate," defendant is **DIRECTED** to so apprise the Court.

[2] Defendant has not filed any reply indicating that plaintiff's responses to his first set of interrogatories (doc. 19) is deficient. The motion is thus **DENIED in part** as moot, to the extent it seeks to compel responses to defendant's first set of interrogatories.

inactivity and, thus, abandonment grounds. *See* Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); L.R. 41.1(c) (authorizing district court to dismiss for lack of prosecution); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants).

One further matter: Harris submitted his untimely response to defendant's interrogatories to this Court for filing on the docket, and apparently assumes defendant will review the docket in search of his discovery responses. Doc. 19. This Court is *not* a repository for plaintiff's discovery responses. It has *no role* in collecting or organizing plaintiff's discovery responses. If Harris needs to serve discovery on defendants, he must do so pursuant to the Federal Rules of Civil Procedure.

**SO ORDERED,** this __10th__ day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA